IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JENNIFER PEREZ RIVERA, et al.,

Plaintiffs,

v.

CIVIL NO. 24-1273 (CVR)

LUIS ALEMAÑY, et al.,

Defendants.

**OPINION AND ORDER**

**INTRODUCTION**

Plaintiffs in the present case bring claims pursuant to Act 80 of August 3, 2020 ("Act 80") which was enacted by the Puerto Rico government to provide for the early retirement of non-essential government personnel. Plaintiffs Jennifer Pérez Rivera, Myrna Liz Ortiz Cortés, Ivette de L. Montalvo León, Rodolfo Vidal Soto, Griselle Laboy Blanc, Carmen M. Crespo Figueroa, Diego Rosado Class, Jessica Nazario, Joanna Rivera Pérez, Samuel Enrique Fuentes Escobar, Carlos A. Alvarez Flores, Nelly Colón Ortiz, and José Rubén Díaz (collectively, "Plaintiffs") were employees of co-Defendant Economic Development Bank for Puerto Rico (the "Bank"). Co-Defendants Luis Alemañy (Alemañy"), Miguel L. Vargas Jiménez, ("Vargas"), Antonio R. Piar Reyes ("Piar"), and Gretel M. Cathiard ("Cathiard") (collectively, "Defendants") were all Bank personnel who were allegedly involved in the actions complained of in the present case.

Before the Court is a "Motion to Dismiss, Abstention, and/or Transfer of Presiding Judge" filed by co-Defendants Alemañy, Cathiard, Piar, Vargas, and the Bank (Docket No. 16); co-Defendant Vargas' "Joinder and Supplementary Motion to Dismiss" (Docket No

Case 3:24-cv-01273-LTS-JGD   Document 30   Filed 01/22/25   Page 2 of 12

Jennifer Pérez Rivera, et al. v. Luis Alemañy, et al.
Opinion and Order
Civil 24-1273 (CVR)
Page 2
_____

17);[1] Plaintiffs' Opposition to Defendants' "Motion to Dismiss" (Docket No. 20); and Vargas' reply to Plaintiffs' Opposition (Docket No. 27). Co-Defendants Alemañy, Cathiard, Piar, and the Bank sought, and were granted, leave to file a reply to Plaintiffs' Opposition at Docket No. 20, but never filed any reply thereto. (Docket Nos. 23 and 24).

For the reasons explained below, Defendants' Motions are GRANTED IN PART AND DENIED IN PART, and this case is transferred to the Honorable Judge Laura Taylor Swain ("Judge Swain"), who has consented to the transfer.

**STANDARD**

Federal Rule of Civil Procedure 8(a) requires plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). A "short and plain" statement needs only enough detail to provide a Secretary Mayorkas with "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007); Erickson v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197, 2200 (2007). In order to show an entitlement to relief, a complaint must contain enough factual material "to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555, 127 S.Ct. at 1965.

When addressing a motion to dismiss under Rule 12, the court must "accept as true all well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiffs." Gargano v. Liberty Int'l Underwriters, Inc., 572 F.3d 45, 48-49 (1st Cir. 2009).

---

[1] After the Puerto Rico Department of Justice appeared on behalf of all Defendants, withdrawal as counsel for all co-Defendants was requested except for co-Defendant Vargas. See Docket Nos. 4, 6 and 10. Vargas is no longer employed by the Bank and is represented by the Department of Justice in his personal capacity only. Notwithstanding, the filing by the other Defendants at Docket No. 16 included co-Defendant Vargas.

Under Twombly, not much is required, but a plaintiff must "provide the grounds of his entitlement [with] more than labels and conclusions." Twombly, 550 U.S. at 555, 127 S.Ct. at 1965. A plaintiff is required to present allegations that nudge the claims "across the line from conceivable to plausible" in order to comply with the requirements of Rule 8(a). Id. at 570; see also Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937 (2009). Dismissal is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Centro Médico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 6 (1st Cir. 2005).

## STATEMENT OF FACTS [2]

Act 80 provided for the early retirement of employees of several agencies and public corporations of the government of Puerto Rico. The law enabled qualifying non-essential employees to retire with fifty percent (50%) of their salary at their current age, instead of having to wait until age 65 and retire with thirty-eight percent (38%) or less of their salary. After the government passed Act 80, on October 14, 2020 the Retirement Services Administration and the Office of Management and Budget issued a series of letters detailing the process for the law's implementation. The period for employees to request early retirement was extended on several occasions, the last deadline being January 22, 2021. All Plaintiffs herein timely requested early retirement, and were each notified by the Bank that their positions were not essential, and therefore eligible.

On December 20, 2021, the Financial Oversight Management Board (the "FOMB")

---

[2] All facts are derived from the Complaint and the pending motions. (Docket Nos. 1, 16 and 20).

filed an adversary proceeding against former Governor Pedro Pierluisi and the government within the existing Title III PROMESA[3] case to halt the implementation of Act 80. (Adversary Proceeding 21-00119, the "Adversary Proceeding"). The FOMB and the government then reached certain agreements "in an effort to avoid the costs and expense of further litigation and to promote the prompt confirmation and consummation of the pending Title III plan of adjustment for the Commonwealth and certain related entities" because "doing so would create savings above and beyond the level of savings required in the currently certified fiscal plan." (Docket No. 16, Exhibit 1, pp. 3-4). The Government agreed to provide a list of proposed positions to be eliminated. Id., at p. 4. If both parties agreed on the list, then the parties agreed to "use their respective best efforts to concur on a means of implementation within 45 days after the date of this agreement." Id. Those positions would ultimately be eliminated. Id.

In July of 2022, all Plaintiffs received a letter from the Retirement Board [4] informing them they qualified for early retirement if they so wished. All the while, the government and the FOMB were engaged in negotiations.

Over a year later, on October 6, 2023, Plaintiffs received a letter from the Bank stating the opposite, to wit, that the FOMB had determined that each of their positions was essential and they were not eligible for early retirement. After Plaintiffs sought more information, on December 22, 2023, the FOMB informed them via letter that they (the government and the FOMB) had "agreed to permanently eliminate certain positions."

---

[3] The Puerto Rico Oversight, Management, and Economic Stability Act, 48 U.S.C. §§ 2101, *et seq*.
[4] The Complaint does not elaborate any further, but the Court assumes the "Retirement Board" to refer to the "Junta de Retiro del Gobierno de Puerto Rico," which handles the retirement for government employees and the judiciary branch, as well as public school teachers ("Sistemas de Retiro de los Empleados del Gobierno y la Judicatura" ("ASR") and "Sistema de Retiro para Maestros" ("SRM").

Case 3:24-cv-01273-LTS-JGD   Document 30   Filed 01/22/25   Page 5 of 12

Jennifer Pérez Rivera, et al. v. Luis Alemañy, et al.
Opinion and Order
Civil 24-1273 (CVR)
Page 5
_____

(Docket No. 20, Exhibit 3). The letter also indicated that "an incentivized early retirement is not possible for every employee" and assured them that "the employees who are not given the opportunity to retire under Act 80 would still be entitled to receive their existing government pension, Social Security benefits, and income from their Act 106 accounts once they reach the age and years of service required for retirement." Id. Plaintiffs allege that this is untrue, that it was really co-Defendants Alemañy, Cathiard, Piar, Vargas and the Bank who, for reasons not known to them, conspired to prevent them from taking early retirement.

On March 22, 2024, the FOMB and the government reached an agreement and filed a "Final Stipulation" in the Adversary Proceeding, detailing which employees would be eligible for early retirement and which positions would be eliminated within each agency. (Docket No. 16, Exhibit 3). No objections to the Final Stipulation were filed, and it was approved by Judge Swain. The direct effect of this Final Stipulation was that Act 80 was invalidated and the Title III Court retained jurisdiction to enforce its terms. Id.

None of the Plaintiffs were able to take early retirement because none was included in the Final Stipulation. Plaintiffs then filed the present case, alleging procedural due process violations, arguing that the letters offering them early retirement and the agreements reached in the Adversary Proceeding created a property right pursuant to Act 80. Plaintiffs posit that Defendants did not provide them with an opportunity to be heard as to whether their position were essential "or any other reason to deny their request to take early retirement"[5] and Plaintiffs contend this was an illegal deprivation of their

---

[5] Docket No. 1, p. 7, ¶21.

procedural due process rights. Plaintiffs also bring forth a substantive due process claim for the same reasons as their procedural due process claim, adding that Defendants' concerted actions "shock the conscience." As a result of Defendants' injurious actions, they seek damages in tort, arguing that, had early retirement been granted to them, they would have received fifty percent (50%) of their salary. Instead, they will now have to wait until age 65 to retire, and the percentage they will receive will be lower. Their damages are the difference in loss of income from having to wait until 65 years of age to retire versus now, plus an amount for pain and suffering.

## ANALYSIS

Co-Defendants Alemañy, Cathiard, Piar, Vargas, and the Bank aver in their "Motion to Dismiss, abstention, and/or Transfer of Presiding Judge" (Docket No. 16) that this case must be transferred or in the alternative, dismissed. Their position is that this case arises directly from the Adversary Proceeding, where the Final Stipulation between the parties eliminated Plaintiffs' right to early retirement under Act 80. As the present case arises directly from that case and specifically pertains to Act 80, they move the Court to abstain from hearing this case under the abstention doctrine espoused in <u>Colorado River Water Conservation District v. United States</u>, 424 U.S. 800, 96 S.Ct. 1236 (1976). On this basis, they urge this Court to abstain from hearing the present case or transfer it to Judge Swain.

In the alternative, Defendants move for dismissal pursuant to Fed.R.Civ.P. 12(b)(6) averring that Plaintiffs lacked a property interest in early retirement, so there was no hearing requirement. They argue the Final Agreement in the Adversary Proceeding specifically invalidated Act 80, so Plaintiffs' contention that they had a

Case 3:24-cv-01273-LTS-JGD    Document 30    Filed 01/22/25    Page 7 of 12

Jennifer Pérez Rivera, et al. v. Luis Alemañy, et al.
Opinion and Order
Civil 24-1273 (CVR)
Page 7
_____

property interest in an early retirement is based on a rescinded statute and cannot stand. Defendants also seek to dismiss Plaintiffs' conspiracy claims because the Complaint fails to plead any specific acts in support thereof. Finally, Defendants contend that the case must be dismissed against them under the doctrine of qualified immunity.

Also before the Court is personal capacity co-Defendant Vargas' "Joinder and Supplementary Motion to Dismiss" where he joins the arguments presented at Docket No. 16, and offers additional arguments in support of dismissal against him. (Docket No. 17). He argues the Complaint lacks specific allegations as to his alleged conduct, as it only contains generic allegations that lump all the Defendants' actions together and does not mention acts in furtherance of a conspiracy. Moreover, having resigned from the Bank in January 2024, he was no longer employed when the Final Stipulation was agreed upon by the parties in March 2024, so no liability can be attributed to him. Lastly, he claims that he is also entitled to qualified immunity.

In opposition, Plaintiffs proffer that there is no parallel state court proceeding, so the Colorado River abstention doctrine is inapplicable. (Docket No. 20). Plaintiffs assert that, even considering the Colorado River factors, the factors would weigh in favor of this Court retaining jurisdiction. Additionally, they aver they were not parties to the agreements reached in the Adversary Proceeding, which in any event, is a different case from the present one. They do not seek benefits pursuant to Act 80, but rather damages for pain and suffering and compensation for loss of future earnings due to Defendants' alleged violation of their rights. Finally, they argue qualified immunity does not apply to Defendants, as any similarly situated reasonable official would have understood that their actions violated a constitutional right.

Case 3:24-cv-01273-LTS-JGD   Document 30   Filed 01/22/25   Page 8 of 12

Jennifer Pérez Rivera, et al. v. Luis Alemañy, et al.
Opinion and Order
Civil 24-1273 (CVR)
Page 8
_____

As an initial matter, Plaintiffs are correct in that the Colorado River abstention doctrine Defendants cite to is inapposite to the present case. The Colorado River abstention doctrine allows federal courts in limited instances to stay or dismiss proceedings that overlap with concurrent litigation in state courts. Colorado River, 424 U.S. at 818, 96 S.Ct. at 1247. In the present case, there are two existing cases before the District Court for the District of Puerto Rico, as opposed to a parallel federal and state case, so Colorado River does not apply. Instead, the Court finds a transfer of this case is justified, mainly for the reasons espoused in Defendants' motions.

As previously mentioned, on December 20, 2021, the FOMB filed the Adversary Proceeding to have Act 80 (and several other laws) enjoined and nullified as violating PROMESA. On December 27, 2021, the FOMB, the government, and the Office of Management and Budget filed a stipulation and proposed order titled "Stipulation and Order Resolving Oversight Board Complaint Dated December 20, 2021 Concerning Acts 80-2020, 81-2020, and 82-2020 and Joint Resolution 33-2021." (the "Initial Stipulation") (Docket No. 16 Exhibit 1). This Initial Stipulation agreed to by the parties was the basis for the eventual resolution of the Adversary Proceeding, and contained specific timetables for the parties to reach certain milestones. Among other things, the Initial Stipulation stated … "[t]he Court's approval or 'SO ORDERING' of this agreement shall invalidate JR [Joint Resolution] 33 and Acts 80, 81 and 82, pursuant to PROMESA, including as significantly inconsistent with the certified fiscal plan, as of the enactment date for each of JR 33 and Acts 80, 81 and 82, except as provided for in Section 3 of this agreement." (Docket No. 16; Exhibit 1, ¶ 4). The Initial Stipulation was approved by the

Case 3:24-cv-01273-LTS-JGD    Document 30    Filed 01/22/25    Page 9 of 12

Jennifer Pérez Rivera, et al. v. Luis Alemañy, et al.
Opinion and Order
Civil 24-1273 (CVR)
Page 9
_____

Title III Court, and it retained subject matter jurisdiction to enforce the terms of the agreement. (Id., at ¶ 9).

Over two (2) years later, on February 26, 2024, the FOMB and the government filed the Final Stipulation. Among others, the Final Stipulation indicated that participation in the partial implementation of Act 80 was limited to the positions agreed upon by the parties and accepted by the FOMB. It specifically stated that "[n]on-participating employees of Act 80 Entities and all other Government employees shall not have any right to participate in the partial implementation of Act 80." (Docket No. 16; Exhibit 3, p. 12, § VII). Like the Initial Stipulation, the Final Stipulation also stated that "this Court shall retain subject matter jurisdiction to enforce the terms of this Final Stipulation and, upon its entry, the Final Order." (Id., at, p. 13 § XIII). The Final Stipulation was approved by the Title III Court on March 22, 2024, without objection.

It is against this backdrop that the present case arises, where Plaintiffs claim that Defendants conspired against them to violate their due process rights by excluding them from the Act 80 early retirement process.

At first glance, the Court must mention that the Title III Court has overseen the confirmation of the plan of adjustment of the Commonwealth of Puerto Rico and certain of its instrumentalities, which included changes to the Commonwealth's public pension system. The Title III Court also has jurisdiction over the Adversary Proceeding which challenged multiple laws related to public pension obligations, including Act 80. During that time, that court approved the agreements presented to it by the parties and eventually resolved the challenges to Act 80. For this reason, this Court finds that transferring this

Case 3:24-cv-01273-LTS-JGD    Document 30    Filed 01/22/25    Page 10 of 12

Jennifer Pérez Rivera, et al. v. Luis Alemañy, et al.
Opinion and Order
Civil 24-1273 (CVR)
Page 10
_____

dispute would promote judicial efficiency and economy and preserve scarce judicial resources, as the Title III Court is already familiar with the subject matter.

Second, the Court finds that assuming jurisdiction of this case would be an unnecessary intrusion into the Title III Court's jurisdiction concerning Act 80. According to Plaintiffs' Complaint, their state and federal claims brought under due process and in tort are based on the same set of facts as the eventual outcome of the Adversary Proceeding, to wit, who ultimately benefitted from early retirement under Act 80. The Title III Court already has jurisdiction over the challenge to Act 80 initiated by the Adversary Proceeding and has retained jurisdiction to enforce the Initial and Final Stipulations. The claims in this action relate to the creation and implementation of the stipulations, and thus relate to matters of which Judge Swain has retained jurisdiction.

By the same token, Plaintiffs aver they are not seeking Act 80 benefits, but rather damages due to Defendants' botched directive that excluded Plaintiffs from participating in Act 80 after they had been previously informed otherwise. Their position is that their property right stems from the letters sent by Defendants, but also from the agreements reached in the Adversary Proceeding. ("Plaintiffs are not only claiming that Law 80 alone gives them a property right but also the stipulation of the parties in the 21-119 and the letter of June of 2022 do so.") (Docket No. 20, p. 10). Thus, insofar as Plaintiffs are basing their property right claim on the stipulations reached by the parties in the Adversary Proceeding and are challenging the reasoning and legality behind those stipulations, those arguments may be made before the Judge where those stipulations were presented. See *e.g.*, In re Fin. Oversight & Mgmt. Bd. for Puerto Rico, 650 B.R. 334, 351 (D.P.R.), aff'd, 77 F.4th 49 (1st Cir. 2023) (holding that newly enacted labor legislation that

Case 3:24-cv-01273-LTS-JGD    Document 30    Filed 01/22/25    Page 11 of 12

Jennifer Pérez Rivera, et al. v. Luis Alemañy, et al.
Opinion and Order
Civil 24-1273 (CVR)
Page 11
_____

impaired or defeated PROMESA's purposes was "related to" the Commonwealth's Title III case and fell within that court's jurisdiction).

Finally, Plaintiffs allege they were notified in October 2023 that they were ineligible to retire under Act 80, but it was not until March 22, 2024 that the FOMB and the Commonwealth filed the Final Stipulation in the Adversary Proceeding. This Final Stipulation reached by the parties, in turn, conclusively determined the positions that would be eliminated in each agency and paved the way for the implementation of the early retirement program for hundreds of employees. Plaintiffs had ample time, in the six (6) months that passed in between both events, to present any objections thereto, and failed to do so. In fact, the Title III Court received no objections to the Final Stipulation. Plaintiffs should have objected and asked for relief as soon as they were notified in October, 2023 that they had been excluded from the Act 80 participant list, instead of waiting nine (9) months after that notification to file the present case.

For all these reasons, this Court finds that the Title III Court is uniquely and better positioned to hear the claims presented in this case.

## CONCLUSION

In closing, Defendants' Motion to Dismiss (Docket No. 16) is GRANTED IN PART AND DENIED IN PART. The request for transfer the present case to Judge Swain's docket is GRANTED; and all other relief is DENIED. Co-Defendant Vargas' Motion for Joinder (Docket No. 17) is likewise GRANTED IN PART AND DENIED IN PART. The request for joinder is GRANTED; the request to transfer this case to Judge Swain's docket is GRANTED; and all other relief is DENIED.

Accordingly, this case is transferred to Judge Swain's docket.

Case 3:24-cv-01273-LTS-JGD    Document 30    Filed 01/22/25    Page 12 of 12

Jennifer Pérez Rivera, et al. v. Luis Alemañy, et al.
Opinion and Order
Civil 24-1273 (CVR)
Page 12
_____

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 22nd day of January 2025.

                                       S/CAMILLE L. VELEZ-RIVE
                                       CAMILLE L. VELEZ-RIVE
                                       UNITED STATES DISTRICT JUDGE